PARTIDO ESTADISTA REPUBLICANO ET AL., recurrentes, *v.* HON. JUNTA ESTATAL DE ELECCIONES ET AL., recurridos.

*Número:* 14        *Resuelto:* 1ro. de diciembre de 1967

*Ángel Roberto Díaz* y *Arturo Ortiz Toro,* abogados de los recurrentes; *José C. Aponte, Secretario de Justicia,* y *Rafael A. Rivera Cruz, Secretario Auxiliar,* abogados de los recurridos.

### RESOLUCIÓN

En 21 de noviembre de 1967, el "Partido Nuevo", una agrupación política en proceso de inscribirse como partido político por petición, dirigió una comunicación escrita al Superintendente General de Elecciones, Hon. Ernesto Mieres Calimano, solicitando autorización para someter nombres de personas para formar parte de las Juntas Locales de Elecciones en los precintos de Adjuntas, Aguadilla, Arecibo, Barceloneta, Corozal, Ponce 26, 27 y 28, Toa Alta y Villalba, que alegan haber sido ya "investigados y aceptados", y además que le permitan someter nombres para observadores en aquellos precintos que aún no han sido aprobados oficialmente.

En 24 de noviembre de 1967, el Hon. Luis Ramos Rodríguez, miembro en funciones de la Junta Estatal de Elecciones por el partido principal "Partido Estadista Republicano" se dirigió por carta al Sr. Superintendente General

de Elecciones exponiendo la oposición de dicho Partido a la solicitud del "Partido Nuevo."

En su reunión del 27 de noviembre del año en curso la Junta Estatal de Elecciones consideró la referida solicitud del "Partido Nuevo." Acordó denegar la solicitud sobre representación oficial del "Partido Nuevo" en las Juntas Locales de Elecciones en aquellos precintos que ya hemos mencionado.

Sometida a votación la solicitud sobre observadores, votó a favor el Representante en la Junta del Partido Popular Democrático, Hon. Samuel R. Quiñones, y en contra votó el representante del Partido Estadista Republicano, Hon. Luis Ramos Rodríguez. El empate lo decidió el Superintendente General de Elecciones, votando a favor de la solicitud, quedando así ésta aprobada.

El acuerdo de la Junta Estatal consiste en permitir a la agrupación "Partido Nuevo" y a otras agrupaciones en proceso de inscribirse como partido políticos por petición, tener observadores en los locales de inscripción el día 3 de diciembre de 1967, sin más atribuciones que las de observar el proceso de inscripción.

El Partido Estadista Republicano, el Presidente de su Comité Directivo, su Directorio Presidencial compuesto por varias personas y el Hon. Luis Ramos Rodríguez, representante de dicho Partido ante la Junta Estatal de Elecciones, apelaron de esa decisión de la Junta para ante el Juez Presidente del Tribunal Supremo de Puerto Rico, señalando que la Junta erró (1) al "conceder que las agrupaciones que aspiran a convertirse en partido político, por petición, pero que aún no han alcanzado ese *Status* tengan observadores oficiales formando partes de las Juntas Locales de Elecciones en las inscripciones periódicas a celebrarse en Puerto Rico el próximo domingo, día 3 de diciembre de 1967", (2) al requerir a esas agrupaciones, por vía de telegrama, que envíen candidatos para cubrir esos cargos, cuando ya la Junta

había perdido jurisdicción sobre el asunto al interponerse el presente recurso de apelación, y (3) al conceder observadores políticos oficiales para formar parte de las Juntas Locales de Elecciones a agrupaciones políticas que no sólo no tienen derecho a ello, sino que no lo han solicitado como es el caso del Partido Renovación y Oposición y el del Partido Independentista Puertorriqueño.

Dentro del término que le concedimos, la Junta Estatal de Elecciones ha comparecido solicitando la desestimación del recurso de apelación por varios fundamentos. Por el primero de ellos solicita se desestime el recurso en cuanto a todos los apelantes con excepción del representante del Partido Estadista Republicano ante la Junta. Se funda en que la Ley Electoral no reconoce derechos a dichas partes para apelar de una resolución de la Junta Estatal de Elecciones.

En vista del tiempo limitado con que contamos para resolver esta apelación, no nos detendremos a examinar ese primer motivo de desestimación, toda vez que, según lo admite la propia Junta, no podría rechazarse el recurso porque subsiste como apelante, el Hon. Luis Ramos Rodríguez, miembro de la Junta Estatal. Secs. 12 y 13(d) de la Ley Electoral.

Consideraremos el recurso en sus méritos.

La Junta Estatal de Elecciones tiene a su cargo la inspección y dirección de la inscripción de personas con derecho a votar en Puerto Rico conforme a las disposiciones de la "Ley de Inscripciones", de la Ley Electoral en lo aplicable, y de los reglamentos que al efecto adopte la Junta, los que deberán ser aprobados por el Gobernador y promulgados por el Secretario de Estado del Estado de Puerto Rico. Sec. 3 de la "Ley de Inscripciones". La Junta Local de Elecciones dirigirá la inscripción periódica. Sec. 11(b) de la "Ley de Inscripciones". La función del presidente y los miembros de la Junta Local de Elecciones en la dirección de la inscripción es de carácter administrativo. Sec. 11(c) "Ley de Inscripciones". Estas Juntas Locales de Elecciones se componen

de un Juez del Tribunal de Distrito o de un Juez de Paz y de un miembro propietario y un miembro sustituto en representación de cada uno de los partidos principales y de cada uno de los partidos por petición. Sec. 14 de la "Ley Electoral". Cuando hubiere más de un local de inscripción en un precinto, se nombrará para cada local adicional una Junta Local para dirigir la inscripción en dicho local. Estas juntas adicionales están integradas por un Juez de Distrito, designado por el Presidente del Tribunal Supremo de Puerto Rico, para presidir la Junta, y de un representante por cada partido principal o por petición, nombrados por la Junta Estatal de Elecciones, previa recomendación de los partidos políticos. Ni esta ley ni la "Ley de Inscripciones" concede facultad a la Junta Estatal de Elecciones para alterar la composición de las Juntas Locales de Elecciones. Cualquier acuerdo de la Junta Estatal en ese sentido sería ilegal.

La contención principal del apelante es que la Junta Estatal carece de facultad para nombrar "observadores" oficiales de los partidos políticos en proceso de inscribirse por petición, para que formen parte de las Juntas Locales de Elecciones. Si ése fuera el acuerdo de la Junta Estatal tendría razón el apelante. Sin embargo, el acuerdo impugnado de la Junta Estatal no tiene ese alcance. Dicho acuerdo no convierte a los "observadores" en parte de las Juntas Locales. No tienen intervención alguna en la función administrativa de dirigir la inscripción. No tienen facultad, si no estuvieren conformes con algún procedimiento o actuación en el local de inscripción, para rendir un informe por escrito y sobre su firma y remitirlo al Superintendente con las peticiones de inscripción recibidas en dicho informe, como lo tienen los miembros de la Junta Local de Elecciones. Tampoco pueden suscribir, al concluir la inscripción, el informe que requiere la ley. Secs. 11(c) y (d) de la "Ley de Inscripciones". Las atribuciones de tales observadores se limitan a su presencia física en el local de inscripción desde donde pueden observar

el proceso de inscripción que allí se realiza. No ocupa el observador una posición distinta, en esencia, que la de la persona que concurre al local para inscribirse y observa el proceso mientras le llega su turno. (¹)

No hemos sido convencidos de que el susodicho acuerdo de la Junta Estatal de Elecciones viole la ley ni que el mismo constituya una invasión del poder legislativo.

Se arguye por el apelante que la presencia de tales observadores perjudica sus derechos e intereses como partido político ya que crea confusión. No concedemos importancia a este argumento. Es de conocimiento público y general que las agrupaciones políticas que pueden tener observadores en los locales de inscripción, según el acuerdo de la Junta, están en proceso de inscribirse como partidos políticos por petición. (²) Las personas que concurren a los locales de inscripción no van a inscribirse con determinado partido político sino que van a cumplir con ese requisito previo para cualificar conforme a la ley, como electores capacitados y así poder ejercer su derecho al voto el día de las elecciones. En verdad no comprendemos como la presencia de observadores en los locales de inscripción pueda perjudicar los intereses de algún partido político principal. La presencia de los observadores, pudiera si acaso, ser una garantía adicional de la pureza del proceso electoral. El interés público en ello debe estar por encima de otras consideraciones de índole particular.

---

(¹) Precisamente el apelante argumentó ante la Junta que era innecesario el nombramiento de observadores porque cualquier persona que concurriera a un local de inscripción para inscribirse podía observar todo el proceso de inscripción y tomar las notas que deseare.

(²) El acuerdo cubría a la agrupación política "Partido Nuevo" "y a cualquier otra agrupación política que se encuentre en proceso de inscripción y que tenga . . . presentadas y radicadas ante la Junta Estatal de Elecciones un total de por lo menos la mitad del número de peticiones de inscripciones que, de ser aceptadas, le acreditarían para su reconocimiento como Partido por Petición, y haber presentado también ese número en por lo menos más de la mitad de los precintos electorales."

Carece igualmente de importancia a los fines de este recurso, el hecho de que se permitiera a otras agrupaciones políticas, que no lo solicitaron, tener observadores en los locales de inscripción. El acuerdo de la Junta no obliga a esas agrupaciones a someter nombres de personas, si no lo desean, para actuar como observadores; pero si lo desearan, no estarían en posiciones distintas a la de la agrupación "Partido Nuevo".

Una vez resuelto que el acuerdo de la Junta Estatal no es ilegal, se hace innecesario considerar y resolver el señalamiento de falta de jurisdicción de la Junta, por razón de la apelación, para poner en vigor dicho acuerdo.

En virtud de todo lo expuesto, se confirma el acuerdo de la Junta Estatal de Elecciones, que motiva esta apelación.

No nos parece propio resolver dentro de este recurso, la solicitud que hace la Junta para que desestimemos otra apelación sobre otros acuerdos de la Junta que no han sido traídos ante nos por el apelante, Hon. Luis Ramos Rodríguez. En su virtud, se desestima dicho planteamiento.

Lo decretó y firma

(Fdo.) Pedro Pérez Pimentel
*Juez Presidente Interino*

Certifico:

(Fdo.) Joaquín Berríos
*Secretario*